*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
December 29, 2020

v

VIRDANE LABARONE CARSWELL,

Defendant-Appellant.

No. 349970
Wayne Circuit Court
LC No. 19-000153-01-FH

Before: STEPHENS, P.J., and SERVITTO and LETICA, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions for operating under the influence of liquor (OUIL) (third offense), MCL 257.625(1); MCL 257.625(9)(c), and driving while license suspended (DWLS), MCL 257.904(1). Defendant was sentenced to two to five years' imprisonment for OUIL and time served for DWLS. We affirm.

## I. BACKGROUND

This case arises out of a traffic accident in October 2018. The accident occurred around 8:00 p.m. and involved two vehicles, a Dodge Journey and a GMC Yukon. Defendant is alleged to have been driving the Yukon, despite his driver's license being suspended and his blood alcohol content being above the legal limit.

The defendant's breathalyzer test results, indicating a blood alcohol content in excess of the legal limits was admitted against him at trial. Francis Harris, the driver of the Journey, testified that she saw defendant get out of the driver's seat of the Yukon after the accident. She also testified that the only other person in the Yukon was a male. Further, Officer Latoya Chavies (Chavies) responded to the accident scene and questioned defendant. According to Chavies, defendant admitted being the driver of the Yukon.

At trial, defendant acknowledged telling Chavies he was the driver, but asserted he was lying at the time to protect his sister, to whom the Yukon was registered. Defendant admitted to being in the Yukon at the time of the accident and having a few drinks earlier that day. However, he denied being the driver of the vehicle. Instead, he and his girlfriend, Ashonte Copeland, testified

-1-

Copeland was driving the Yukon. Copeland also did not have a driver's license at the time. Both he and Copeland testified that Copeland left the scene of the accident before the police arrived because Copeland's children were locked out of their house and waiting for her to return to let them in. The jury convicted defendant on both counts.

On appeal, defendant argues that there was insufficient evidence of identity and presence, i.e., that he was the person in the driver's seat of the Yukon at the time of the accident.

## II. STANDARD OF REVIEW

We review a challenge to the sufficiency of the evidence de novo. *People v Solloway*, 316 Mich App 174, 180; 891 NW2d 255 (2016). "We review the evidence in the light most favorable to the prosecution and determine whether the jury could have found each element of the charged crime proved beyond a reasonable doubt." *People v Savage*, 327 Mich App 604, 613; 935 NW2d 69 (2019). "In determining whether sufficient evidence was presented to support a conviction, the reviewing court will not interfere with the fact-finder's role of deciding the credibility of the witnesses." *Solloway*, 316 Mich App at 180. "All conflicts in the evidence must be resolved in favor of the prosecution . . . ." *Id*. at 180-181.

## III. ANALYSIS

Defendant was convicted of OUIL and DWLS. A conviction for OUIL requires the prosecution prove: (1) the operation of a motor vehicle, (2) on a highway, (3) while under the influence of liquor or other controlled substance or with a blood alcohol content of 0.08 grams or more per 210 liters of breath. *Bloomfield Twp v Kane*, 302 Mich App 170, 185 n 10; 839 NW2d 505 (2013); MCL 257.625(1)(b) (defining operating while intoxicated to include 0.08 grams or more per 100 milliliters of blood and 0.08 grams or more per 210 liters of breath). DWLS requires the prosecution prove: "(1) that the defendant's license was revoked or suspended, (2) that the defendant was notified of the revocation or suspension as provided in MCL 257.212, and (3) that the defendant operated a motor vehicle on a public highway while his or her license was revoked or suspended." *People v Nunley*, 491 Mich 686, 691; 821 NW2d 642 (2012). In addition, "identity is an element of every offense." *Savage*, 327 Mich App at 614, quoting *People v Yost*, 278 Mich App 341, 356; 749 NW2d 753 (2008) (quotation marks omitted).

Defendant's sole challenge is to the sufficiency of proof that he was driving the Yukon. The prosecution offered two witnesses on this issue: Harris and Chavies. Harris identified defendant as the driver of the Yukon. She testified that she saw defendant exit the Yukon from the driver's seat. Harris also testified that she did not see a woman exit the Yukon. Chavies testified that defendant admitted to being the driver of the Yukon. The defense presented testimony from defendant and Copeland that Copeland was the driver. They offered an explanation as to why Harris did not see Copeland by testifying that Copeland left the scene soon after the accident to let her children into their home. They challenged Harris's testimony that she saw defendant get out of the driver's seat with testimony that Copeland exited from the passenger side after the defendant exited the vehicle because the damaged driver's side door was inoperable.

Viewing the evidence in the light most favorable to the prosecution, there was sufficient evidence to support a finding that defendant was driving the Yukon. It was the jury's responsibility

to evaluate the credibility of the witnesses, weigh the evidence, and determine what the facts of the case were. *Solloway*, 316 Mich App at 180. This jury resolved credibility in favor of the prosecution's witnesses and against the defendant and Copeland. There was an evidentiary basis for the jury finding. Because there was sufficient evidence that defendant was the driver, and defendant does not challenge the other elements of OUIL or DWLS, there was sufficient evidence to support both of defendant's convictions.

Affirmed.

/s/ Cynthia Diane Stephens
/s/ Deborah A. Servitto
/s/ Anica Letica